## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KUNCHA KERIMOVA**<br>7, Block 7, Section 3<br>Tamanskaya Street<br>Moscow, Russia | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Civ. No. _____ |
| | ) | **COMPLAINT** |
| **LISA PALLUCONI**<br>**in her official capacity as Acting Director of**<br>**the United States Department of the**<br>**Treasury, Office of Foreign Assets Control** | ) ) ) ) | **ECF** |
| 1500 Pennsylvania Avenue, NW<br>Freedman's Bank Building<br>Washington, D.C. 20220 | ) ) ) ) | |
| *Defendant,* | ) ) ) | |
| and | ) ) | |
| **THE UNITED STATES DEPARTMENT**<br>**OF THE TREASURY, OFFICE OF**<br>**FOREIGN ASSETS CONTROL**<br>1500 Pennsylvania Avenue, NW<br>Freedman's Bank Building<br>Washington, D.C. 20220 | ) ) ) ) ) ) | |
| *Defendant.* | ) ) ) | |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Kuncha Kerimova brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC"), and its Acting Director, Lisa Palluconi, and in support of her complaint alleges the following:

## INTRODUCTION

1.     On June 30, 2022, in an extraordinary action, Defendant OFAC issued a public Notification of Blocked Property to Heritage Trust—a Delaware-based trust over which Plaintiff Ms. Kerimova is the Grantor—alleging that Suleiman Kerimov and Ruslan Gadzhiyevich Gadzhiyev, both of whom were identified on OFAC's List of Specially Designated Nationals and Blocked Persons ("SDN List"), held a property interest therein.[1] By virtue of this action, Heritage Trust and its assets constitute blocked property pursuant to Executive Order ("E.O.") 14024 and E.O. 13661 and cannot be transferred or otherwise dealt in absent a license.

2.     In its public notice, Defendant OFAC falsely claimed that Heritage Trust "was formed . . . for the purpose of holding and managing [Suleiman] Kerimov's U.S.-based assets." Defendant OFAC's allegation—which effectively underlies its enforcement action aimed at Heritage Trust—has no basis in reality, as evidenced by the history of Heritage Trust, the trust documents, the manner in which the trust has been managed, and prior communications of certain of the trust fiduciaries with OFAC. Ms. Kerimova understands that all of this information was in OFAC's possession at the time of the blocking action. *See, e.g.*, Russian Oligarch Held Stake in Musk's SpaceX Through Trust While He Was Sanctioned, Bloomberg (Jan. 29, 2025), https://www.bloomberg.com/news/articles/2025-01-29/russian-oligarch-held-stake-in-spacex-via-trust-while-sanctioned (reporting that Citigroup—a fiduciary to Heritage Trust—sought guidance from OFAC following Suleiman Kerimov's designation in 2018 as to whether the trust was blocked and concluded that blocking was not required).

3.     Underscoring this point, Suleiman Kerimov not only does not have, and has never had, an interest in Heritage Trust, but Suleiman Kerimov was specifically identified as a Prohibited

---

[1] OFAC issued a Notice of Blocking to the Heritage Trust's fiduciaries on June 23, 2022.

Person pursuant to the trust agreement, which barred him from receiving distributions of any trust assets. Ms. Kerimova understands that Defendant OFAC is aware of Mr. Kerimov's status as a Prohibited Person pursuant to the trust agreement.

4.      In its public notice, OFAC further alleged that Ruslan Gadzhiyevich Gadzhiyev "is a beneficiary to the Heritage Trust," and that Gadzhiyev's "continuing property interest in Heritage Trust provides a separate and independent basis for Heritage Trust to be blocked." However, OFAC's factual allegation is erroneous, as—prior to OFAC's determination that the Trust constitutes blocked property—Ms. Kerimova, in her capacity as the trust's Grantor, had undertaken action that limited the universe of potential beneficiaries to the trust and had distributed the trust's assets to a person not subject to U.S. sanctions. Mr. Gadzhiyev was not included in the universe of potential beneficiaries to the trust assets.

5.      Founded on Suleiman Kerimov's and Mr. Gadzhiyev's purported interest in Heritage Trust and its assets, OFAC's determination that the Heritage Trust constitutes blocked property defies reasoned decision-making, contradicting information believed to be within OFAC's possession.

6.      Exacerbating this unlawful action, Defendants have effectively barred any defense of the trust and its assets. U.S. sanctions prohibitions have forced the resignation of U.S. person fiduciaries, rendering the trust without any meaningful protection. Defendants' actions in this regard are anathema to this country's long-standing principles in favor of civil defense.

7.      Defendants have also failed to promulgate procedures by which Ms. Kerimova or other interested persons could administratively challenge OFAC's blocking action. Despite the fact that OFAC's regulations define the term "entity" as inclusive of a "trust," Defendant OFAC identified the trust as blocked property and did not include the trust on its List of Specially

Designated Nationals and Blocked Persons ("SDN List"). For this reason, neither the trust nor its fiduciaries have been able to resort to the procedures set forth at 31 C.F.R. § 501.807 to challenge the blocking of Heritage Trust. Defendants' failure has not only made the instant litigation all but inevitable but has barred Ms. Kerimova and other interested persons to the trust from offering evidence to OFAC that would prove the error of its blocking determination. Ms. Kerimova is thus forced to litigate on the basis of an administrative record that may exclude pertinent information relating to the relevant facts of Heritage Trust.

8.      By rendering Heritage Trust and its assets blocked, Defendants have impeded the purposes for which Ms. Kerimova created the trust—i.e., to ensure that her wealth was distributed amongst her grand-children, great-grand-children, and more distant relatives. Defendants have done so unlawfully, without any basis in fact, without any care for the compliance efforts undertaken by the trust fiduciaries, and without permitting any defense on behalf of the trust. For this reason, Ms. Kerimova respectfully requests that this Court provide the requested relief and right the wrongs that have been committed by Defendants.

## JURISDICTION AND VENUE

9.      This action arises under the Fifth Amendment to the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

10.     This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

11.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) and (e), as this is the district in which the events giving rise to the complaint occurred and in which the Defendants reside.

## THE PARTIES

12.     Plaintiff Kuncha Kerimova is, and was at all times relevant herein, a Russian national. Ms. Kerimova is the Grantor to the Heritage Trust.

13.     Defendant OFAC is an administrative agency of the United States Department of the Treasury, located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. Defendant OFAC is responsible for administering U.S. economic sanctions programs, including, *inter alia*, administering the prohibitions of E.O. 13661 and E.O. 14024; regulating dealings with blocked persons and property under that authority via 31 C.F.R. Parts 501, 587, and 589 the Reporting, Procedures, and Penalties Regulations ("RPPR"), Russian Harmful Foreign Activities Sanctions Regulations ("RuHSR"), and the Ukraine-/Russia-Related Sanctions Regulations ("URSR"), respectively; and adjudicating license applications to unblock property that has been blocked pursuant to E.O. 13661 and E.O. 14024. Defendant OFAC is responsible for blocking the property and adjudicating the licensing matters that are the subjects of this complaint.

14.     Defendant Lisa Palluconi is the Acting Director of OFAC. In this role, Ms. Palluconi is responsible for overseeing and directing Defendant OFAC's operations, including the issuance of Notice of Blocked Property Memorandums and the adjudication of specific license applications. Ms. Palluconi is sued in her official capacity.

## FACTUAL ALLEGATIONS

A.     **The Heritage Trust**

15.     On July 7, 2017, Ms. Kerimova executed the Heritage Trust Trust Agreement ("HT Trust Agreement") organizing the Heritage Trust under the laws of Delaware.

16.     The HT Trust Agreement names the HWE Sub-Trust as a beneficiary entitled to distributions of trust assets and authorizes Ms. Kerimova to direct additional distributions to named or unnamed beneficiaries who are not Prohibited Persons, as defined by the HT Trust Agreement. However, prior to June 23, 2022, as identified below, Ms. Kerimova had never exercised this authority under the HT Trust Agreement and the HWE Sub-Trust was the sole beneficiary to Heritage Trust.

17.     On July 7, 2017, Ms. Kerimova executed the HWE Sub-Trust Trust Agreement ("HWE Trust Agreement") organizing the HWE Sub-Trust under the laws of Delaware.

18.     The HWE Trust Agreement names, *inter alios*, Ms. Kerimova's grandchildren and great-grandchildren, *inter alios*, as beneficiaries and authorizes Ms. Kerimova to direct additional distributions to named or unnamed beneficiaries who are not Prohibited Persons. However, prior to June 23, 2022, as identified below, Ms. Kerimova had never exercised this authority under the HWE Trust Agreement.

19.     Both the HT Trust Agreement and the HWE Trust Agreement ("the Trust Agreements") authorize the identification of Prohibited Persons—i.e., persons who are barred from receiving distributions of trust assets.

20.     Suleiman Kerimov was not within the class of beneficiaries, as set forth in the Trust Agreements. In addition, Mr. Kerimov was identified as a Prohibited Person pursuant to the Trust Agreements. As a result of his identification as a Prohibited Person barred from receiving distributions from the trusts, Mr. Kerimov neither has nor had any ability to obtain any interest, including a property interest, in the Heritage Trust or in any assets held by the Heritage Trust.

21.    In addition, Mr. Kerimov did not hold any position in the Heritage Trust and the HWE Sub-trust at any time and did not exercise any influence or control over the trust fiduciaries. On June 13, 2022, the Distribution Advisor and Protector of the Heritage Trust confirmed this point, stating that "in discharging [his] fiduciary duties," he was neither then, nor ever, "unduly influenced or controlled by anyone including, without limitation, Suleiman Kerimov."

22.    On June 4, 2018, the Distribution Advisor and Protector of the Heritage Trust certified and attested to Citicorp Trust Delaware, N.A.—the Administrative Trustee of the Heritage Trust—that they would "not at any time . . . direct or consent to the distribution of any assets to any individual or any entity controlled or owned, directly or indirectly, by any individual or entity who is (i) a Prohibited Person within the meaning of Paragraph 1.4 of the [Trust] Agreement, or (2) the subject or target of sanctions administered or enforced by the United States […], the European Union […], competent authorities of E.U. Member States, the United Kingdom […], or competent authorities of United Nations Member States that implement U.N. sanctions." As a result of this certification and attestation, neither Prohibited Persons nor persons subject to U.S. sanctions could be beneficiaries to the Heritage Trust.

23.    On March 24, 2022, Defendant OFAC designated Ruslan Gadzhiyevich Gadzhiyev pursuant to E.O. 14024. However, the June 4, 2018 certification and attestation identified above stated that the Distribution Advisor and Protector of the Heritage Trust would neither direct nor consent to the distribution of any assets to a person subject to sanctions. For this reason, upon his designation pursuant to E.O. 14024, Mr. Gadzhiyev could no longer be a potential beneficiary to the Heritage Trust by operation of these trust documents. Separately and additionally, Mr. Gadzhiyev was elected as a member of the Russian Federation's State Duma on September 19, 2021, and—from his instatement as a member of the State Duma onwards—he could no longer

have been a beneficiary to the Heritage Trust or the HWE Sub-Trust, as Russian law prohibits members of the State Duma from being beneficiaries in foreign trusts or receiving distributions from such foreign trusts.

**B.    Plaintiff's Directed Distribution to Ali Gadzhiyev**

24.    On May 8, 2022, Defendants determined that the prohibitions set forth in section 1(a)(ii) of E.O. 14071 would apply to the following categories of services: accounting, trust and corporate formation, and management consulting. As a result of this determination, E.O. 14071 would prohibit U.S. persons from exporting, re-exporting, selling, or supplying, directly or indirectly, accounting, trust and corporate formation, or management consulting services to any person located in the Russian Federation, as of June 7, 2022.

25.    Concurrently with this determination, OFAC promulgated General License No. 34 to the RuHSR, which authorized all wind-down transactions related to the export, re-export, sale, or supply, from the United States or by a U.S. person of accounting, trust and corporate formation, or management consulting services to any person located in the Russian Federation that would be prohibited by E.O. 14071 through July 7, 2022.

26.    In response to this determination, the fiduciaries of the Heritage Trust and the HWE Sub-Trust took immediate steps to ensure that the trusts acted in compliance with applicable U.S. sanctions. Considering that the Trusts' potential beneficiaries included persons located in the Russian Federation, the Trusts determined that its U.S. person fiduciaries would be prohibited by E.O. 14071 from providing their respective services to the Trusts. As a result, a decision was made to undertake certain wind-down activities relating to the Trusts and to transfer the Trusts' assets outside of the United States. This decision was made expressly for the purpose of compliance with applicable U.S. sanctions laws, as evidenced by General License No. 34 to the RuHSR.

27.     On June 17, 2022, the Beta Foundation was organized under the laws of Liechtenstein. The trust assets were intended for transfer to the Beta Foundation.

28.     Consistent with these efforts, Ms. Kerimova—in her role as Grantor to the Heritage Trust and the HWE Sub-Trust —executed an Irrevocable Renunciation, Disclaimer and Release of Powers (the "Renunciation Letters") with respect to the Trusts on June 22, 2022. In these Renunciation Letters, Ms. Kerimova unconditionally and irrevocably renounced her power to (1) direct the distribution of the Trusts' income or principal; and (2) declare that any person can be added as a beneficiary to the Trusts, with the exception of certain persons identified in the letters. None of the persons falling within the scope of this exception were persons identified on OFAC's SDN List.

29.     On June 23, 2022, Ms. Kerimova—again in her role as Grantor to the Trusts—executed a separate letter, which directed the Administrative Trustee to distribute all of the net income and principal of the Trusts to Ali Gadzhiev, who—upon such distribution—shall contribute the trust assets to the Beta Foundation. By means of this letter, all of the trusts' assets were distributed to Ali Gadzhiev—a non-U.S. person located outside the United States. Mr. Ali Gadzhiev was not identified on OFAC's SDN List.

30.     Plaintiff's directed distribution of all trust assets held by the trust to Ali Gadzhiyev severed the interests of all former beneficiaries of the trust in those assets, as no subsequent distributions of the assets to the trust-defined beneficiaries was permissible thereafter.

**C.     Defendant OFAC's Blocking of the Heritage Trust**

31.     Subsequent to the Renunciation Letters, on June 23, 2022, Defendant OFAC issued a Notification of Blocked Property to the Heritage Trust fiduciaries. This notification informed the fiduciaries that OFAC had determined that the trust and its assets constituted blocked property.

32.    Defendant OFAC's Notification of Blocking specifically stated that OFAC "has reason to believe that Suleiman Kerimov and Ruslan Gadzhiyevich Gadzhiyev each separately retain a property interest in Heritage Trust . . . based on, among other things, a review of the Trust provisions and its course of investments."

33.    On June 30, 2022, Defendant OFAC issued a public notice announcing its issuance of the Notification of Blocking.

34.    As a result of Defendant OFAC's blocking of the Heritage Trust, U.S. persons are generally prohibited from engaging in any transactions or dealings with respect to the trust assets. Heritage Trust is treated as blocked property by OFAC and is not identified on OFAC's SDN List.

**D.    The Heritage Trust's Inability to Avail Itself of Defendant OFAC's Procedures**

35.    Pursuant to the RuHSR and the URSR, Defendant OFAC defines the term "entity" to include trusts. 31 C.F.R. §§ 589.312 & 587.301.

36.    Defendant OFAC has promulgated the Reporting, Procedures and Penalties Regulations ("RPPR"), 31 C.F.R. Part 501, which, *inter alia*, afford parties whose names are added to the SDN List a process by which to petition for reconsideration of their designation. 31 C.F.R. § 501.

37.    The URSR and the RuHSR both integrate the provisions of the RPPR.

38.    Defendant OFAC's delisting procedures do not establish any procedure by which blocked property the name of which is not included on the SDN List can petition for reconsideration of OFAC's determination that it constitutes blocked property.

**E.    Harm to Ms. Kerimova**

39.    As the Grantor to the Heritage Trust, Ms. Kerimova intended to create a trust instrument by which to share her wealth intergenerationally—i.e., with her grand-children, her

great-children, and more remote descendants. While the trust's blocking has impeded an accurate accounting of the trust's assets, OFAC claims that the trust holds more than $1 billion of assets. Ms. Kerimova's objective in creating Heritage Trust has thus been frustrated by OFAC's unlawful action, and Ms. Kerimova's generational wealth—which she has sought to provide solely to her non-sanctioned descendants—has been effectively seized by Defendants. Ms. Kerimova is unclear as to how U.S. sanctions policy objectives are realized by the continued blocking of a Trust in which no U.S.-sanctioned persons have an interest, directly or otherwise.

40.     Defendant OFAC has further prevented Ms. Kerimova from mitigating the substantial harm caused by failing to promulgate procedures by which interested persons can contest OFAC's wrongful determination and by functionally barring trust fiduciaries from acting in defense of the trusts.

## LEGAL CLAIMS

## COUNT I

DEFENDANTS' BLOCKING OF THE HERITAGE TRUST CONSTITUTES ARBITRARY AND CAPRICIOUS AGENCY ACTION IN VIOLATION OF THE APA

41.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

42.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

43.     Defendants' blocking of the Heritage Trust constitutes arbitrary and capricious agency action under the APA because (1) Suleiman Kerimov and Ruslan Gadzhiyev do not have a cognizable interest in the Heritage Trust; (2) prior to Defendants' blocking action, Ms. Kerimova limited the universe of potential beneficiaries to the trust via the June 22, 2023 Renunciation Letter,

and none of the persons in the class of potential beneficiaries are persons subject to U.S. sanctions;

and (3) prior to Defendants' blocking action, Ms. Kerimova distributed all trust assets to Ali

Gadzhiev, who is not a person subject to U.S. sanctions.

## COUNT II

DEFENDANTS' FAILURE TO PROVIDE A PROCESS BY WHICH INTERESTED PARTIES
MAY PETITION FOR THE HERITAGE TRUST'S UNBLOCKING VIOLATES THE DUE
PROCESS CLAUSE OF THE FIFTH AMENDMENT

44.    Plaintiff re-alleges and incorporates by reference as if fully set forth herein the

allegations in all preceding paragraphs.

45.    Under the Fifth Amendment to the United States Constitution, Defendants are

required to afford persons a process by which to challenge governmental action depriving them of

life, liberty, or property.

46.    Defendants' failure to afford the Heritage Trust, its fiduciaries, and other interested

persons a process by which to contest Defendants' determination that the Heritage Trust constitutes

blocked property violates Ms. Kerimova's due process rights.

## COUNT III

DEFENDANT'S FAILURE TO PROVIDE A PROCESS BY WHICH INTERESTED PARTIES
MAY PETITION FOR HERITAGE TRUST'S UNBLOCKING VIOLATES THE APA

47.    Plaintiff re-alleges and incorporates by reference as if fully set forth herein the

allegations in all preceding paragraphs.

48.    The APA permits "interested person[s] [to] appear before an agency . . . for the

presentation, adjustment, or determination of an issue, request, or controversy in a proceeding . .

." 5 U.S.C. § 555(b).

49. Under the APA, reviewing courts are required to compel agency action that has been unlawfully withheld. 5 U.S.C. § 706(1).

50. Defendants' failure to provide a process by which interested persons may contest OFAC's determination that the Heritage Trust constitutes blocked property violates the APA, as Defendants have unlawfully withheld from interested persons such procedures.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' determination that the Heritage Trust constitutes blocked property to be unlawful;

B. Order Defendants to unblock the Heritage Trust;

C. Order Defendants to set forth procedures by which interested persons may petition for the unblocking of the Heritage Trust;

D. Grant an award to Plaintiff of her costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 et seq., and any other applicable provision of law; and

E. Grant such other and further relief as the Court may deem just and proper.


Dated: July 1, 2025

Respectfully submitted,

/s/ Erich C. Ferrari, Esq.
Erich C. Ferrari, Esq.
Ferrari & Associates
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885

*Counsel for Plaintiff*